# Susan Collins, to use of J. D. Hill, *v.* London Assurance Corporation, Appellant.

*Insurance—Fire insurance—Condition of policy—Increase of hazard— Liens—Execution.*

A condition in a policy of fire insurance to the effect that " if the hazard be increased by any means within the control or knowledge of the insured, the entire policy shall be void," has no relation to a judgment upon the property, or to an execution upon a judgment.

Such a condition was intended to protect the property during the life of the policy from fire, by change in structure, methods of heating, addition of new outbuildings on the premises, and like means within the knowledge and control of the owner, whereby the hazard might be increased.

*Condition as to sole ownership.*

A condition in a policy of fire insurance, that the policy shall be void, " if the interest of the assured be other than the unconditional and sole ownership," relates to the ownership of the property at the date of the issue of the policy and not at the date of the fire which destroyed it.

*Condition as to foreclosure of mortgage.*

Where a mortgage is given by a husband and wife, and five years afterwards a judgment is given by the husband and wife and a third person to secure the same debt, and the land covered by the mortgage is sold on an execution under the judgment, the sale is not a sale under foreclosure proceedings within the meaning of a condition in a policy of fire insurance which provides that the policy shall be void " if, with the knowledge of the insured, foreclosure proceedings be commenced by virtue of any mortgage or trust deed."

*Condition as to change of ownership—Sheriff's sale.*

Where a policy of fire insurance is conditioned that the policy shall be void, if the ownership is changed, a destruction of the property by fire after a sheriff's sale but before the acknowledgment of the sheriff's deed, will not deprive the assured of his right to recover on the policy.

As between a purchaser at sheriff's sale and the debtor in the execution, the debtor's title and interest does not actually pass from him until the acknowledgment of the sheriff's deed.

Argued Oct. 17, 1894. Appeal, No. 240, Oct. T., 1894, by defendant, from judgment of C. P. Butler Co., June T., 1893, No. 51, on case tried by court without a jury. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on policy of fire insurance.

The case was tried without a jury, before GREER, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was among others entry of judgment.

*H. H. Goucher,* for appellant.—The contract is a conditional one, and it is essential to plaintiff's recovery that these conditions have not been violated on her part : Long v. Beeber, 106 Pa. 466 ; Ins. Co. v. Roberts, 31 Pa. 438.

The condition as to change of title was violated : Brown v. Ins. Co., 41 Pa. 194; Masters v. Ins. Co., 11 Barb. 624 ; Ayres v. Ins. Co., 17 Iowa, 176 ; 85 Am. Dec. 553 ; Ins. Co. v. Riker, 10 Mich. 279; McLaren v. Ins. Co., 1 Seld. 151; Macomber v. Ins. Co., 8 Cush. 133; McIntire v. Ins. Co., 102 Mass. 230; May, Ins., 3d ed. 273.

Alienation, if absolute, works a forfeiture, whether so stipulated in the policy or not, if the property remains out of the insured at the time of the loss :  Wilson v. Hill, 3 Metc. 66 ; Ins. Co. v. Tyler, 16 Wend. 385 ; 3 May, Ins. § 264.

An insurance without interest is a gambling contract, and against public policy : Pritchet v. Ins. Co., 3 Yeates, 464 ; 1 May, Ins. § 75; Elliott v. Ins. Co., 117 Pa. 553.

The sale was equivalent to a foreclosure sale on the mortgage, even though the judgment be for a portion of the debt or interest : Bank v. Chester, 11 Pa. 282 ; Hartz v. Woods, 8 Pa. 471 ; Clarke v. Stanley, 10 Pa. 472.

If the policy expressly provides that the commencement of foreclosure proceedings shall avoid it, the condition will be enforced : Phœnix Ins. Co. v. Mut. Life Ins. Co., 101 Ind. 392.

When the deed is acknowledged and delivered the title relates back to the day of sale, and not merely from the date of the deed : Hoyt v. Koons, 19 Pa. 277 ; Morrison v. Wurtz, 7 Watts, 437 ; Bosler v. Kuhn, 8 W. & S. 186 ; McCormick v. McMurtrie, 4 Watts, 192 ; Stoever v. Rice, 3 Whart. 21 ; Hardenburg v. Beecher, 104 Pa. 20.

The purchaser acquires the equitable title, and for the purpose of insurance he is to be regarded as the sole and unconditional owner : Ins. Co. v. Staats, 102 Pa. 529; Ins. Co. v. Dunham, 117 Pa. 460 ; Ins. Co. v. Wilgus, 88 Pa. 107; Chand-

ler v. Ins. Co., 88 Pa. 223; Elliott v. Ins. Co., 117 Pa. 548; Reed v. Lukens, 44 Pa. 200; Siter, James & Co.'s Ap., 26 Pa. 180; Dailey v. Ins. Co., 131 Mass. 173; Hagaman v. Ins. Co., 38 Leg. Int. 375.

Non-compliance with the conditions of the policy discharges the insurers: McClure v. Ins. Co., 90 Pa. 277; Ins. Co. v. Fromm, 100 Pa. 347; Ins. Co. v. Hebard, 95 Pa. 45; Hench v. Ins. Co., 122 Pa. 128; Diehl v. Ins. Co., 58 Pa. 443.

The violation of these conditions increased the hazard to the company; whether or not the risk was increased is not an open question under this class of conditions: McClure v. Ins. Co., 90 Pa. 277; Diehl v. Ins. Co., 58 Pa. 443.

The violation of these conditions rendered the policy entirely void and there can be no recovery on it: Fire Assn. v. Williamson, 26 Pa. 198; Gottsman v. Ins. Co., 56 Pa. 210.

*T. C. Campbell, S. F. Bowser* and *A. E. Reiber* with him, for appellee.—It is to be presumed that defendant company knew of all incumbrances against the property when the insurance was placed upon it. No representation of any kind was made by Susan Collins as to incumbrances.

By the terms of this policy forfeiture by increase of hazard within the control or knowledge of· the insured was not incurred by issue of legal process on judgment or·by proceedings thereunder.

To work a forfeiture the hazard must be increased by means within the control or knowledge of the insured. There was no evidence here that the execution had been issued under the control of Mrs. Collins or that she had knowledge of it or that she had control over or knowledge of the sheriff's sale.

When the general terms of the scope of a policy of insurance are such as to cover a loss, conditions in the policy restricting liability so expressed as to be capable of two meanings should be held to have the meaning most favorable to the insured: Burkhard v. Ins. Co., 102 Pa. 262; Bole v. Ins. Co., 159 Pa. 53; Walradt v. Ins. Co., 136 N. Y. 375; Ins. Co. v. Mund, 102 Pa. 89.

The rule in Pennsylvania is that where the sale is not consummated but is executory or conditional, there is still an insurable interest in the insured.

Where one has entered into an agreement for the sale of his insured property, but has not made conveyance thereof, nor received the purchase money, his interest in the property and policy is not thereby parted with, so as to bar his right of action on the happening of a loss : Ins. Co. v. Updegraff, 21 Pa. 513 ; Ins. Co. v. Stewart, 19 Pa. 45 ; Hill v. Protection Co., 59 Pa. 474 ; Ins. Co. v. Graybill, 74 Pa. 17.

The title acquired by the purchaser at a sheriff's sale is analogous to that acquired by a purchaser under proceedings in the orphans' court.   One who bids in property at orphans' court sale has not a perfect title until confirmation : Demmy's Ap., 43 Pa. 155 ; Morgan's Ap., 110 Pa. 271; Greenough v. Small, 137 Pa. 132.

That the title of a purchaser of real estate at sheriff's sale, before acknowledgment and delivery of sheriff's deed, is not absolute but conditional and that the owner still has an interest in the land is shown by Thomas v. Connell, 5 Pa. 13 ; Garrett v. Dewart, 43 Pa. 342; Hardenburg v. Beecher, 104 Pa. 20 ; Scheerer v. Stanley, 2 Rawle, 276.

A mortgagor of a house, whose right in equity to redeem has been seized and sold on execution, has an insurable interest in the house, until his right to redeem such equity is lost: Strong v. Ins. Co., 10 Pick. 40 ; Jones on Mortg. § 397 ; Blackwell v. Ins. Co., 48 Ohio, 553 ; Marts v. Ins. Co., 44 N. J. L. 478; Hopkins Mfg. Co. v. Ins. Co., 48 Mich. 148 ; Loy v. Ins. Co., 24 Minn. 315; Hammel v. Ins. Co., 54 Wis. 72.

OPINION BY MR. JUSTICE DEAN, Jan. 7, 1895 :

Susan Collins, the plaintiff, was the owner of 53 acres of land, having thereon a frame dwelling house and barn, in Parker township, Butler county.   On June 23, 1883, she, joined by her husband, executed to Matthew Storey a first mortgage on the land as security for a debt of $800 ; no bond or personal obligation accompanied the mortgage.   On June 27, 1885, Storey assigned the mortgage to Philip Daubenspeck ; there was then due upon it only $105 of the original debt to Storey. In addition to the mortgage security for this, which stood unimpaired, Susan Collins and her husband, also one W. C. Collins, more than five years afterwards, on November 20, 1888, gave to Daubenspeck their personal note for the balance of

$105, with power of attorney to confess judgment; on the 8th of December, 1888, Daubenspeck entered judgment on 'this note for debt, interest and costs. On 20th of November, 1888, a second mortgage on the same property was executed by Mrs. Collins and her husband to one John D. Hill, to secure the payment of their judgment bond to him, in the sum of $1,265. Judgment was entered on this bond in favor of Hill, on the 24th of November, 1888. By agreement between Daubenspeck and Hill, the same day, the lien of the first mortgage was postponed in favor of Hill's mortgage. Mrs. Collins having made default in payment of debt and interest on Daubenspeck's judgment, he, on 2d of December, 1889, issued execution, and levied on certain personal property ; this, by directions of plaintiff's attorney, was returned with a levy on personal property, 2d December, 1889. Four days before this, on 28th November, 1889, this defendant, "The London Assurance Corporation," issued to Susan Collins a policy of insurance against fire on the dwelling house and barn on the land, and household goods in the dwelling, in the sum of $2,000 ; to be in force from said date for three years, ending at noon on 28th of November, 1892. On the policy, bearing same date, was this indorsement by the agents of the company : " Loss, if any, under this policy, first payable to J. D. Hill as his interest may appear."

The Daubenspeck mortgage and judgment having, in the meantime, been assigned to Hill, he, on the 9th of October, 1891, caused another execution to be issued upon the judgment, and on it all the personal property of Susan Collins was levied, and so returned ; then Hill issued a third writ, and levied on the farm of 53 acres, which was sold, and bought by him for $165, and deed duly acknowledged to him, at 2 o'clock P. M. of the 8th of June, 1892. At 10 o'clock A. M., of same day, the insured buildings were destroyed by fire. The plaintiff, averring her loss on dwelling house and furniture to be $1,400, made the required proof of it to the company, and demanded payment, which was refused for a number of reasons, some of which were abandoned at trial.

Those assignments of error of any merit, pressed here, involve an interpretation, on the admitted facts, of four expressed conditions of the policy. It was to be void, if :

1. "The hazard be increased by any means within the control or knowledge of the insured."

2. "If the interest of the assured be other than the unconditional and sole ownership."

3. "If with the knowledge of the assured foreclosure proceedings be commenced, or notice of sale of any property covered by this policy, by virtue of any mortgage or trust deed."

4. "If any change other than by the death of the insured, take place in the interest, title or possession of the subject of the insurance, whether by legal process or judgment, or by voluntary act of the insured or otherwise."

There are many other conditions, but they are not material on the admitted facts in this issue. Any real defence the company has, must be based on a violation of one or more of these four conditions of the policy.

The parties submitted the case on law and facts to the court under act of 22d April, 1874. There was judgment for plaintiff for amount of her claim, and defendant now appeals.

Much of the argument of the learned counsel for appellant, is based on a misapprehension of the issue in the court below, as framed in the submission. The writing states that the parties "hereby agree to dispense with a trial by jury, and to submit the said case to the decision of the court on the facts and questions of law raised by defendant in its affidavit of defence, which facts are to be taken as admitted as alleged in said defence."

From this agreement on the facts and questions of law raised by the affidavit, it is argued that plaintiff admitted she had no right or title to the dwelling house when the fire occurred; admitted the title had been transferred by suit or foreclosure with her knowledge before the loss ; admitted the hazard of the company was greatly increased by reason of levy and seizure ; admitted a violation of a number of the conditions, which made void the policy; and it is asked, how can the plaintiff, standing upon these confessed violations and broken conditions of her contract, hold defendant liable ?

If these violations were admitted by the written submission to the court, clearly, that was the end of plaintiff's case, and no argument by appellant was necessary, either in the court below or here, to have judgment in its favor. But the trouble with appellant's case is, plaintiff admits none of these inferences or conclusions from the facts in the affidavit ; she admits the case

turns on the facts and questions of law raised by the affidavit, and admits the facts, but she makes an entirely different answer to the questions of law, than that made by appellant.  We concede, a much better agreement for submission could have been made, than the one before us ; one in which the facts standing by themselves might have been orderly and concisely stated,— leaving the conclusions, which they warranted, to be drawn by counsel in the argument, and by the court in its opinion and judgment.  As they now stand, they are almost smothered in the legal verbiage of a very elaborate affidavit of defence.  Still, if the time be taken, we think the facts, substantially as we have narrated them, will be apparent in the affidavit and the papers which are made part of the case.  The questions of law raised by them, were to be answered, not by the affidavit, but by the court after trial and argument.

As to the first point made by the defendant, it is admitted, no representations of any kind were made as to incumbrances, by Mrs. Collins, when the policy was issued to her.  The Daubenspeck judgment for $105 was entered of record the 8th of December, 1888.  The policy was issued the 28th of November, 1889.  The judgment was assigned to Hill the 2d of December, 1889.  He also, at the date of the policy, had of record his own bond and mortgage for $1,265.  As the assured made no statement as to incumbrances, it must be presumed, if it was a matter of any consequence to the company, it knew, from the record, of the incumbrances.  It is also to be fairly presumed, from the indorsement made by the company on the policy there was an equity in Hill entitling him to share in the indemnity ; it also knew Hill was the owner of the incumbrances.

It is alleged, however, that the condition expressed in the words : " If the hazard be increased by any means within the control or knowledge of the insured, the entire policy shall be void," was violated by plaintiff, in suffering a sale of the land on the Daubenspeck judgment.  These being the words of the insurer, they must not be stretched to cover that which is not fairly to be implied from them.  The hazard to the company was from a judgment of record, ripe for execution, of which it had full knowledge.  This judgment had been entered nearly a year before the policy, and was payable in ninety days from date ; the insured had defaulted in payment for nearly nine months.

The company knew she had no control over the judgment; the plaintiff and the law controlled it; execution could issue at any time, without her consent and against her protest. The hazard, if any, was not in the issuing of execution upon the judgment, but in the judgment itself, upon which the plaintiff could, uncontrolled by her, issue execution without her knowledge. If she had possessed the money, she might have paid off the judgment, or execution, either after or before the levy, but there is not a spark of evidence that, at that time, she had the means of paying, and, it may be presumed, a debtor who has the means will pay his debts to save property of much greater value from seizure and sale. This condition, we think, has no relation to the judgments, and was not intended to have when the contract was made. Obviously, it was intended to protect the property during the life of the policy from fire, by change in structure, methods of heating, addition of new outbuildings on the premises, and like means within her knowledge and control as owner, whereby the hazard might be increased.

It is further argued, that the policy was void because of this condition: "If the interest of the assured be other than the unconditional and sole ownership." This clearly relates to the ownership of the property at the date of the issue of the policy. The sheriff's sale was had before the fire, and whatever force the argument might have had, if this stipulation had by apt. words referred to the ownership at that date, we cannot add such words in interpreting the contract.

Further, to move the court to declare a forfeiture, this clause is invoked: "If, with the knowledge of the insured, foreclosure proceedings be commenced, or notice of sale of any property covered by this policy, by virtue of any mortgage or trust deed," then this policy shall be void. The sale was had by execution on the judgment entered on the personal obligation signed by Mrs. Collins and her husband and W. C. Collins, on 20th November, 1888; the mortgage, as before noticed, was given 23d June, 1883, by the wife and her husband alone, on the land described in it, to secure a debt of $800, which was evidenced by no personal obligation; from that time until the execution of the judgment bill, more than five years, any proceeding to collect the debt would have been necessarily a proceeding in rem on the mortgage, for sale of the land bound by its lien, and

would have been, when the sale was consummated, technical foreclosure. But here the sale was had, not, it is true, on a security having no connection with the mortgage, but on an additional security given long afterwards, with a new obligor, W. C. Collins. The mortgage was not to secure this obligation, for it had no existence at the date of that instrument; probably the obligation given was to secure the mortgage, which was postponed; and a sale by execution on this judgment, of the land bound by the lien, was not a foreclosure of the mortgage. That it worked, in one particular, the same result, extinguishment of the mortgagor's equity of redemption, will not warrant us in holding the proceedings to have been a foreclosure of the mortgage. The means to attain the same end, satisfaction of the debt, by the writs, levari facias and fieri facias, are different; the powers of the officers under them are not the same; on the one, the particular land described in the writ can alone be levied upon and sold; in the other, all the goods, chattels, lands and tenements of the debtor can be seized in satisfaction of the debt. As the sale, in this case, was not a foreclosure proceeding by virtue of a mortgage or trust deed, it did not make void the policy, under the terms of this condition.

As to the fourth point made, that by the sheriff's sale a change took place in the title of the subject of insurance before the loss, it may be conceded that this raises the most serious question in the case. The acknowledgment of the sheriff's deed in court was four hours after the destruction of the property by fire. Concerning the household goods destroyed, it is not alleged the title or possession of them had changed, and plaintiff was clearly entitled to judgment for their value, $150. But if the sheriff's sale passed to the purchaser the title to the land, that carried with it the house, and there was a change of title within the meaning of this condition. In fact, the company contracted, in express terms, only for that which the law, without the condition, would have given it. If the title passed from her by the sale, the plaintiff had no interest; if she had no interest, she sustained no loss for which she can call upon the company to indemnify her. It would, after the title had passed, have been as much a gambling contract, as if she had taken a policy of insurance against fire on the house of a stranger. But did the title pass by the sheriff's sale before

acknowledgment of the deed? It certainly did not, as has been well settled, pass the right of possession until confirmation by the court. In Hawk v. Stouch, 5 S. & R. 157, where proceedings to obtain possession by the sheriff's vendee had been commenced before acknowledgment of the deed, it is held that: "The purchaser at sheriff's sale cannot call for the possession until the return of the writ and deed acknowledged; he cannot support ejectment; nothing is completed until the sale is confirmed by the court by the receiving and acknowledgment of the deed. . . . No right attaches to the purchaser until he receives the deed." Scheerer v. Stanley, 2 Rawle, 276, was a claim on the tenant by the purchaser at sheriff's sale for rent accruing after the sale, but not paid at acknowledgment of deed. The judgment was in favor of Stanley, the tenant, and against the sheriff's vendee. This court, GIBSON, C. J., in affirming the judgment, says: "On receiving the sheriff's deed, the title of the purchaser may for some purposes be referred to what is popularly called the sale. . . . But the contract with the sheriff, being imperfect before it has had the sanction of the court, is in law and in fact no sale at all. . . . It would seem, therefore, that the title of the purchaser is but co-extensive with his character of landlord, which is expressly limited to commence at the acknowledgment of the deed."

Hall v. Benner, 1 P. & W. 402, was an ejectment by the purchaser at sheriff's sale against a tenant in possession under the former owner. At the trial, the plaintiff offered in evidence a lease for years executed to defendant by him in the interval between sale and acknowledgment; the lease was admitted under exception; then plaintiff made the point that defendant, having leased from him as tenant, could not dispute his landlord's title, and the court below so held. In the opinion of this court, reversing the judgment, it is said: "It would seem to be very clear that a man cannot make a valid lease to another who is in possession of land, when such lessor has no interest, title, possession, or right of possession in the premises he lets. . . . There is a wide difference between the case of a lease from a person having title or possession, and that of a lease from one having no title, no possession, or no right to possess, as to the conclusiveness of the evidence."

In Garrett v. Dewart, 43 Pa. 342, it is held, that while: "It

is true that a bidder at a sheriff's sale to whom the property has been struck down, has an inceptive interest in it, which may be bound by the lien of a judgment, even before the acknowledgment of the sheriff's deed ; yet it by no means follows from this that, after he has obtained his deed, his title relates to the date of his bid, in any such sense as to divest from that time the ownership of the debtor, whose land has been sold. Undoubtedly it does not. . . . Although he may have a possible or inceptive interest, like a purchaser by articles, who has paid no money, he has acquired no title to the present enjoyment."

To the same effect are other cases, where the question was, what title passed by a sheriff's sale before acknowledgment of deed? As between the purchaser and his creditors, he has an inceptive title, which is bound by the lien of a judgment, if the sale be confirmed. As between him and the debtor, he is entitled to rents falling due from tenants after acknowledgment of deed, but not to unpaid rents falling due between sale and acknowledgment. And he is awarded the rents falling due after the delivery, partly accrued before, only because of the inconvenience of apportionment. As between the sheriff's vendee and the debtor, he is without title or interest, until acknowledgment and delivery of deed; if no title have passed to him, then it has passed to nobody, and remains in the debtor as before the sale. Up to the moment of acknowledgment, his purchase may be defeated by the debtor tendering the amount of execution and costs, when, if there had been mere inability to pay, and nothing censurable in the conduct of the debtor, the court would probably make such order as would restore both parties to their condition as before the sale, and refuse to confirm it. Or gross inadequacy of price, with the slightest irregularity in procedure, would warrant the court in refusing to confirm the sale. There is a close analogy in the condition of the title to that of a vendee of insured property under articles, who has paid nothing. The condition of the policy against alienation of the subject of insurance, any interest therein or part thereof, will not defeat a recovery by the insured : Ins. Co. v. Updegraff, 21 Pa. 513; Hill v. Protection Co., 59 Pa. 474, and other cases. And STRONG, J., in Garrett v. Dewart, supra, suggests this analogy.

It is also analogous to the state of title of land purchased at an orphans' court sale, between the date of bid and confirmation by the court. In Insurance Co. v. Graybill, 74 Pa. 17, the policy had this condition: "When any property insured by this company shall be aliened by sale or otherwise, the policy shall be void." After the sale but before confirmation, the buildings on the land were burned. It was held, the policy was not avoided by the condition against alienation.

The cases referred to by us are not in conflict with Imperial Ins. Co. v. Dunham, 117 Pa. 471, and others, to which the appellant's counsel call our attention. A purchaser at sheriff's sale acquires, before confirmation, an inceptive title, which may be, as between him and his creditors, an asset for payment of debts; may be the subject of insurance as between him and any company which chooses to take such a risk; that is all these cases hold. But as between him and the debtor, the debtor's title and interest, although in extreme peril, does not actually pass from him until acknowledgment of the deed. In all its legal incidents, it is his estate as before the sale; and as neither the law nor this contract declare otherwise, the right of plaintiff has not been defeated.

With the profusion of conditions in this policy, issued, too, twenty-five years after the decision in Ins. Co. v. Graybill, supra, and with a judgment of record ripe for execution staring it in the face, this company probably did not want to stipulate that it should be void if the property were put up and knocked down at judicial sale; otherwise it would have added one more to the many conditions it did insert.

The assignments of error are overruled, the judgment is affirmed and appeal dismissed at costs of appellant.