**WELLS FARGO BANK, N.A.**

v.

**Maggie S. LONG, a/k/a Maggie Sylman Hubbard, Terrence L. Hubbard, and Occupants of 2566 Stroschein Road, Monroeville, PA. 15146**

**Appeal of Maggie S. Long.**

Superior Court of Pennsylvania.

Argued April 24, 2007.

Filed Aug. 22, 2007.

Reargument Denied Nov. 1, 2007.

Eileen D. Yacknin, Pittsburgh, for appellant.

Barbara A. Fein, Fort Washington, for appellee.

BEFORE: McCAFFERY, DANIELS and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Appellant Maggie S. Long[1] appeals the order entering summary judgment in

---

1. In the complaint in ejectment filed by Appellee, both Appellant Maggie S. Long and Terrence L. Hubbard were named as defendants. However, after the entry of summary

favor of Appellee Wells Fargo Bank, N.A. We reverse.

¶ 2 In reviewing the grant of a motion for summary judgment, we must determine whether there is any material fact in dispute. Summary judgment may be entered if the pleadings, deposition, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Furthermore, this Court must view the record in the light most favorable to the non-moving party. *Amabile v. Auto Kleen Car Wash,* 249 Pa.Super. 240, 376 A.2d 247, 249–50 (1977); *Bowman v. Sears, Roebuck & Company,* 245 Pa.Super. 530, 369 A.2d 754, 756 (1976); *Husak v. Berkel,* 234 Pa.Super. 452, 341 A.2d 174, 177 (1975). Summary judgment is to be entered only in the clearest of cases where there is not the slightest doubt as to the absence of a triable issue of fact. *Granthum v. Textile Machine Works,* 230 Pa.Super. 199, 326 A.2d 449, 451 (1974).

¶ 3 The undisputed facts establish the following. Appellant was living in mortgaged property situated at 2566 Stroschein Road, Monroeville, Allegheny County, Pennsylvania. When Appellant fell into default, the mortgagee U.S. Bank National Association ("U.S. Bank") instituted a foreclosure action, purchased the property at sheriff's sale conducted on November 7,

2005, and assigned the successful bid to Appellee. With Appellant's failure to vacate the premises, Appellee filed a complaint in ejectment on November 17, 2005, claiming title by: 1) virtue of the sheriff's sale; and 2) being the real and current owner of the foreclosed premises by virtue of the Allegheny County sheriff's deed poll, which was to be recorded as soon as possible—the sheriff's deed was recorded on January 20, 2006.

¶ 4 After considering the multiple pleadings and briefs filed by the parties, the trial court issued an order dated September 11, 2006, granting Appellee's motion for summary judgment, along with a writ of possession to be effectuated within five days thereof and a subsequent lock-out to be scheduled for no more than ten days after service of the writ. Appellant filed a timely appeal [2] raising several issues, the first of which questions: "Whether [Appellee] lacked the right to possession of the pertinent residential property at the commencement of this ejectment action, thereby depriving the [trial] court of jurisdiction to entertain the action." Appellant's brief, at 4.

¶ 5 More particularly, Appellant argues that, "although a purchaser of real property at a sheriff's sale acquires inceptive title to the purchased property as of the date of the sheriff's sale, the purchaser does not acquire the right of possession of the property until the sheriff's deed has been acknowledged and delivered to the purchaser. [...] Because the Appellee lacked the right to immediate and exclusive possession of the subject residential

judgment, only Appellant Maggie S. Long filed a notice of appeal from the order granting the same. *See* Record Nos. 15, 17. This limits our use of "Appellant" to Maggie S. Long only when identifying the appealing party.

**2.** The trial court granted Appellant's application for a *supersedeas* pending appeal, which was contingent upon Appellant paying $650.00 per month to Appellee throughout the pendency of the appeal process. *See* Order of Court dated October 20, 2006; Record No. 25.

property when it instituted the instant ejectment action, the [trial] court lacked jurisdiction to grant the Appellee judgment for possession of the Appellant's residence, and the [trial] court's order must be reversed." Appellant's brief, at 7, 8. We agree with Appellant's position that title to property sold at a sheriff's sale does not transfer the right to possession until the sheriff's acknowledgement and recordation of the deed, but we disagree with Appellee's argument that once the deed is recorded the law relates the right to possession back to the date the property was sold at sheriff's sale.

¶ 6 From a historical perspective,

The legal action of ejectment began not as a real property action, but as an action in trespass. *Seitzinger v. Ridgway*, 9 Watts 496 (1840). Ejectment originally rested on a claim of actual or constructive ouster of the plaintiff. 13 Stand.Pa.Prac. Ch. 67, § 1 (1957). Entry by the lessee and subsequent ouster by the defendant were essential to the claim of trespass.

The writ of ejectment, however, has changed dramatically in the centuries since its narrow origin. Today, the right to possession is the central element of the action—not the claim of ouster. The writ of ejectment has long been the general method for obtaining possession of real property. *Dice v. Reese*, 342 Pa. 379, 384–86, 21 A.2d 89, 92–93 (1941); *Irwin v. Hoffman*, 319 Pa. 8, 16–17, 179 A. 41, 45 (1935). The writ has expanded from a tenant's remedy and has long since been available to fee claimants and all others who assert the right to possession of estates in real property. *See Gilberton Coal Co. v. Schuster*, 403 Pa. 226, 228, 169 A.2d 44, 45 (1961). [n. 6] Yet it has never been suggested that a fee claimant need allege entry and ouster in order to succeed in ejectment. Rather, our cases involving fee claimants speak only of the right to possession by one not presently in possession. [ . . . ].

[n. 6] [ . . . ] Because the writ of ejectment was not a real property action, but originally was an action in trespass, it was not subject to the hypertechnical pleading rules which surrounded the common law real actions. This in part was responsible for the growth and popularity of ejectment. *See generally* Holdsworth, 7 History of English Law 4–10 (1926). [ . . .].

*Soffer v. Beech*, 487 Pa. 255, 261 n. 6, 409 A.2d 337, 340 n. 6 (1979).

■ ¶ 7 Furthermore, it is useful to engage in a brief discussion of the rights the parties seek to determine by filing an action in ejectment. Ejectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, against a defendant who has actual possession. *Soffer*, at 266, 409 A.2d at 343. "The purpose of an ejectment action as opposed to quiet title is not to determine the relative and respective rights of all potential title holders, but rather the immediate rights between plaintiff and defendant involved in that particular litigation." *Siskos v. Britz*, 567 Pa. 689, 699, 790 A.2d 1000, 1006 (2002). Our Supreme Court has held that the issue of possession is inextricably linked to jurisdiction in an action in ejectment. *Siskos*, at 701, 790 A.2d at 1006. Stated otherwise, a determination of possession is a jurisdictional prerequisite to the trial court's authority to entertain the merits of Appellee's complaint in ejectment. *Id.*, at 701, 790 A.2d at 1006 ("As there must be possession to give the court its purely statutory jurisdiction, it cannot acquire jurisdiction where there is a mere contest, however substantial as to the fact of possession in the petitioner. [ . . . ] Accordingly, a determi-

nation of possession is a jurisdictional prerequisite to a ruling on the merits [. . .].").

¶ 8 Initially, it is necessary to ascertain the rights acquired by the successful bidder at a sheriff's sale. It has long been established that a purchaser of real estate at a sheriff's sale acquires an inceptive, inchoate, or equitable estate. *St. Charles B. & L. Association v. Hamilton,* 319 Pa. 220, 223–24, 179 A. 604, 605 (1935). These estates bestow certain benefits upon the purchaser and, likewise, entail certain liabilities. These matters were summarized by the Pennsylvania Supreme Court in *St. Charles B. & L. Association, supra;* to-wit:

> It is by no means true that a purchaser at a sheriff's sale gets none of the incidents of ownership until the deed is acknowledged. [. . .] In *Slater's Appeal,* 28 Pa. 169, it was held that the purchaser at the sheriff's sale prior to such acknowledgment gets an inceptive interest which may be bound by a judgment against him during this period *(Morrison v. Wurtz,* 7 Watts 437); *Stoever v. Rice,* 3 Wharton 21, decided that a purchaser at sheriff's sale acquires an equitable estate before the acknowledgment of the sheriff's deed; *Bellas v. McCarty,* 10 Watts 13, states that a purchaser acquires an interest which descends to his heirs; *Hoyt v. Koons,* 19 Pa. 277, that a junior lienor cannot acquire title by foreclosure three weeks after a prior lienor had had the property knocked down to him but before his deed has been acknowledged; *Elliott v. Pearsall,* 4 Clark 157, that one who became the wife of the debtor subsequent to the sale but prior to the acknowledgment of the deed, acquired no right of dower; *Young's Appeal,* 2 P. & W. 380, that a debtor has no right to redeem his property by making a tender of the amount of the debt plus costs after the property has been knocked down by the sheriff, but before the deed has been acknowledged; *Stroup v. Raymond,* 183 Pa. 279, 38 A. 626, that a bona fide purchaser at sheriff's sale acquires a vested right to the property sold immediately; *Penna. S.V.R. Co. v. Cleary,* 125 Pa. 442, 17 A. 468, that a purchaser at sheriff's sale acquires an inchoate title in the land by virtue of his bid and its acceptance by the sheriff.

*St. Charles B. & L. Association,* at 223–24, 179 A. at 605.

¶ 9 Based on the aforesaid, it is manifest that the incidents of ownership that attach as a result of a successful bid at a sheriff's sale consist of various nomenclatures: an "inceptive title," an "inchoate title." Nowhere, however, is there any mention that the purchaser is the real owner. In fact, "[i]n all of these cases [above cited], and in many others which could be cited, the distinction is always made between the date of the sale and the date of acknowledgment of the deed. The two incidents are never treated as one." *St. Charles B. & L. Association,* at 224, 179 A. at 606.

¶ 10 "Ejectment is a possessory action only, and can succeed only if the plaintiff is out of possession, and if he has a present right to immediate possession." *Brennan v. Shore Brothers, Inc.,* 380 Pa. 283, 285, 110 A.2d 401, 402 (1955). This translates into the protocol necessary to initiate an action in ejectment, which cannot be maintained by the plaintiff unless he is out of possession, and he has a right to the possession of the property at the time of the commencement of the action. *Id.,* at 285, 110 A.2d at 403; *see also Bruker v. Carlisle Borough,* 376 Pa. 330, 334–35, 102 A.2d 418, 420 (1954) ("It is true that ordinarily, where the defendant is in possession and the plaintiff out of possession of the land the latter must bring an action in ejectment.").

¶ 11 Herein, on November 17, 2005, when the complaint in ejectment was filed, Appellee was out of possession but had no right to immediate possession because the sheriff's deed had yet to be acknowledged and recorded. *See Girard Trust Co. v. Dempsey,* 129 Pa.Super. 471, 196 A. 593, 597 (1938) ("[A]fter the delivery and recording of the sheriff's deed [is] when the rights of the Girard Trust Company, Trustee, as purchaser would become effective[, . . . then] it would be in a position to take proceedings to recover possession from the tenant[.] [. . .] 'Until the sale has been consummated by the acknowledgment and delivery of the deed, the debtor is entitled to possession with all its attendant advantages.'" (citation omitted)); *see also Collins v. London Assur. Corp.,* 165 Pa. 298, 30 A. 924 (1895) (debtor-owner is entitled to the moneys paid by an insurance company because of a fire on the premises between the dates of the sheriff's sale and of the acknowledgment of the deed); *Provident Trust Co. v. Judicial B. & L. Association,* 112 Pa.Super. 352, 171 A. 287 (1934) (purchaser does not become entitled to the rents, as owner and in his own right, until acknowledgment of deed); *Pennsylvania Co. v. Paunonia Building Association,* 29 Pa. D. & C. 194 (1937) (successful bidder at sheriff's sale does not immediately become owner liable for taxes assessed upon the realty after date of sheriff's sale, but prior to date of acknowledgment of sheriff's deed; defendant liable for taxes as real or actual owner of premises prior to time deed of conveyance from sheriff).

¶ 12 At bar, there being no right to immediate possession before the sheriff acknowledging the deed, Appellee could not have initiated an action in ejectment when it did. Ergo, the present action was brought prematurely, which divested the trial court of jurisdiction to entertain Appellee's complaint in ejectment and issue a writ of possession and lock-out. *Cf. Brennan,* at 286, 110 A.2d at 403 ("On March 25, 1953, when the action to quiet title was instituted, plaintiffs (lessors) were out of possession and had no right to immediate possession [because the lessee had a lease in effect]. Having no right to immediate possession they could not successfully bring an action in ejectment [. . .].").

¶ 13 In anticipation of our finding, Appellee counters with the argument that when the property was purchased with the "fall of the hammer" at the sheriff's sale (on November 7, 2005), it acquired an inchoate interest in the property. Therefore, when the deed was acknowledged and recorded (on January 20, 2006), Appellee's title related back to its inception, and it became the owner of the reversion from that time forward. *See* Appellee's brief, at 15.

¶ 14 It is beyond cavil that a bidder at a sheriff's sale, to whom the property has been awarded, has an interest (be it labeled "inceptive," "inchoate," or "equitable") even before the acknowledgment of the sheriff's deed. *See* discussion *supra.* "Yet it by no means follows from this, that after he has obtained his deed his title relates to the date of his bid in any such sense as to divest from that time the ownership of the debtor whose land has been sold. Undoubtedly it does not. Until the sale has been consummated by the acknowledgment and delivery of the deed, the debtor is entitled to the possession with all of its attendant advantages. Until then, the purchaser cannot move a step towards dispossessing the debtor[.]" *Garrett v. Dewart,* 43 Pa. 342, 349 (1862); *see also Collins,* at 306–07, 30 A. at 926 ("But did the title pass by the sheriff's sale before acknowledgment of the deed? It certainly did not, as has been well settled, pass the right of possession until confirmation by the court[, but the present day submission is to the sheriff]. In *Hawk v.*

*Stouch,* 5 S. & R. 157, where proceedings to obtain possession by the sheriff's vendee had been commenced before acknowledgment of the deed, it is held that: 'The purchaser at sheriff's sale cannot call for the possession until the return of the writ and deed acknowledged; ***he cannot support ejectment;*** nothing is completed until the sale is confirmed by the court by the receiving and acknowledgment of the deed [ . . . ]. No right attaches to the purchaser until he receives the deed.' " (emphasis added)).[3]

¶ 15 As is evident from the preceding discussion, the rudimentary precepts applicable to this Commonwealth's development of proprietary rules of law relating to sheriff's sales have their roots in a bastion of appellate cases published in the 19th and early 20th Century, but the passage of time has not altered their continued vitality. *See Mohn v. Hahnemann Medical College & Hospital,* 357 Pa.Super. 173, 515 A.2d 920, 922 (1986) (sands of time did not render inapplicable reliance upon vintage case law to address a present day dispute). *Accord Mecca El v. Murzyn,* 831 A.2d 724, 728 (Pa.Super.2003). Consequently, applying the time-honored tenets of the law associated with rights inuring to a purchaser at a sheriff's sale to the facts *sub judice,* we find that Appellee's complaint in ejectment was premature because its "right to possession" to the real estate did not attach until the sheriff acknowledged and recorded the deed, which occurred two months after the commencement of the lawsuit. The hiatus between the date of the sheriff's sale on November 7, 2005, and the recording of the deed by the sheriff on January 20, 2006, created a jurisdictional void which the trial court could not tra-

verse to entertain Appellee's complaint in ejectment filed on November 17, 2005.

¶ 16 Accordingly, with the trial court's grant of Appellee's motion for summary judgment having been found to be entered in error, we will reverse the trial court's actions because Appellee is not entitled to judgment as a matter of law.[4] *Amabile; Bowman; Husak, supra.*

¶ 17 Judgment reversed. Jurisdiction relinquished.

---

3.  The present day rules governing the commencement of an action in ejectment appear at Pa.R.C.P. 1051–1058.

4.  With the disposition of Appellant's first issue in her favor, we see no need to address the remaining five issues raised in her appellate brief at page 4.