## Fannie Mae v. Scarborough

*Lauren Rachel Tabas*, for appellee.
*Frances Scarborough*, pro se.

TUCKER, *J.*, May 23, 2012—I. Procedural History

This matter comes before the court on appeal from the granting of plaintiff's motion for summary judgment pursuant to the Pennsylvania Rules of Civil Procedure. Pa.R.C.P. 1035.2. The relevant facts are as follows:

## II. Facts

The underlying facts in this case stem from an action in mortgage foreclosure which began on December 21, 2005. Mot. for summary J. (12/27/2011). Summary judgment was entered in favor of the mortgagor and against Frances Scarborough (hereinafter referred to as "appellant") on February 6, 2007 for a property located at 5116 N. Warnock Street, Philadelphia, PA. *Id.* Execution and sheriff's sale were scheduled for the Warnock Street property for May 2007; however appellant revived or initiated a bankruptcy action, thereby postponing the sheriff's sale. *Id.* The sheriff's sale was eventually scheduled for July 1, 2008.

*Id.*

Fannie Mae (hereinafter referred to as "appellee") was the successful bidder at a July 1, 2008 sheriff's sale for Warnock Street property. *Id.* Appellant filed for her seventh (7th) bankruptcy on the same day; no automatic stay went into effect. *Id.* Appellant filed a motion to strike judgment and set aside the sheriff's sale; this motion was denied and dismissed with prejudice on October 9, 2008. *Id.* Appellant failed to timely appeal the court's denial of the motion to strike judgment and set aside sheriff's sale. *Id.* The sheriff's deed was recorded on February 10, 2009. *Id.*

On March 14, 2011, appellee sent a letter to appellant advising her that appellee was the owner of the Warnock Street property; that appellant was in possession of the property without authority; and that appellant was to immediately vacate the premises or be subject to a court action. Mot. for summary J. (12/27/2011). Appellee filed a complaint in ejectment against appellant in Philadelphia County court of common pleas on April 25, 2011. Compl. filed notice given (04/25/2011).

On June 29, 2011 appellant filed a suggestion of bankruptcy in the Philadelphia County Court of Common Pleas. Suggestion of bankruptcy (06/29/2011). Appellee filed a notice of bankruptcy dismissal on July 05, 2011, wherein appellee confirmed that appellant's bankruptcy was dismissed by the Bankruptcy Court in the United States Eastern District of Pennsylvania. Bankruptcy dismissal (07/05/2011). After appellant's preliminary objections were overruled by the court, appellee filed a motion for summary judgment, which was granted by the court on

February 9, 2012. Prelim. Objections (07/15/2011); Order entered by J. Panepinto (09/28/2011); Mot. for summary J. (12/27/2011); Judgment entered by J. Tucker (02/09/2012). This timely appeal follows.

On March 11, 2012, appellant filed a motion for reconsideration, which was denied by the court on March 21, 2012. Mot. for reconsideration (03/11/2012); order entered by J. Tucker (03/21/2012). The court ordered appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b) on April 4, 2012, wherein stating that "[t]he day for filing said statement is the 23rd of April, 2012. Failure to comply with this order will be deemed a waiver of issues...." ("1925(b) statement"). On May 2, 2012, almost ten (10) days after the court ordered, response date, appellant filed her 1925(b) statement wherein alleging thirteen (13) errors by the court. 1925(b) statement (verbatim, emphasis retained):

1. The common pleas court of Philadelphia ("CCP") lacks jurisdiction over this instant action pursuant to *In re Scarborough*. 2009 WL 159240 (E.D. Pa. Jan. 22, 2009),

"the bankruptcy stay is now in effect, and precludes any further action to enforce the creditor's claim, unless approved in this proceeding".

2. Fannie Mae lacks standing to sue Ms. Scarborough because Fannie Mae is no real party in interest.

3. The common pleas court erred in granting the summary judgment dated Feburary 9, 2012.

4. The February 9, 2012 grant of summary judgment was not lawful.

5. Ms. Scarborough was prejudiced by the entry of summary judgment in favor of Fannie Mae.

6. Without a trial, Ms. Scarborough did not receive a fair opportunity to put her best foot forward.

7. The trail court has not resolved all doubts as to the existence of all genuine issues of material fact against the moving party, Fannie Mae.

8. The discovery is incomplete; the case record is undeveloped; the disclosure materials, and affidavits demonstrate a genuine issue as to the material facts.

9. Fannie Mae is not entitled to judgment as a matter of law.

10. The trial court failed to consider all facts of record and reasonable inference therform, in a light most favorable to Ms. Scarborough. See *Toy v. Metropolitan Life Ins. Co.*, 593 Pa. 20, 21, 928 A.2d 186,195 (2007).

11. Fannie Mae's right to a grant of summary judgment is not clear and free from all doubt.

12. Disputes over property ownership remain in litigation, contrary to Fannie Mae's assertions that all litigation has ended.

13. If Fannie Mae has standing to sue, then consumer disclosure laws have been violated.

1925(b) statement.

Appellant's failure to timely file her 1925(b) statement is a waiver of all issues. Appellant attempted to obtain permission to file her late 1925(b) statement via a "motion to amend" filed on the same day. Mot. to amend (05/02/2012). This motion was not considered by the court. In addition to being untimely filed, appellant's 1925(b) statement is not in accordance with Pa.R.A.P. 1925(b) and is thereby also deemed waived pursuant to Pa.R.A.P. 1925(b)(4)(vii). A discussion ensues.

### III. Legal Analysis of Appellant's Claims

a. Since Appellant has failed to timely file a 1925(b) statement, her claims are deemed waived.

Pa.R.A.P. 1925(b) provides in pertinent part:

[T]he judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("statement"). Pa.R.A.P. 1925(b).

Pa.R.A.P. 1925(b) states:

The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the statement.

\* \* \*

The judge's order...shall specify...the number of days after the date of entry of the judge's order within which the appellant must file and serve the statement.

\* \* \*

Pa.R.A.P. 1925(b)(2)-(3)(i).

Pa.R.A.P. 1925(b) further provides that an appellant's failure to raise any issues in accordance with its provisions will result in the waiver of those issues:

> Issues not included in the statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa. R.A.P. 1925(b)(4)(vii).

Here, the court ordered appellant to file her 1925(b) statement, as docketed, on April 4, 2012. Order entered by J. Tucker (04/04/2012)("faiure to comply with this order will be deemed a waiver of issues"). Accordingly, appellant had until April 25, 2012 to file her 1925(b) statement; appellant filed her 1925(b) statement on May 2, 2012. Statement of matters (1925(b)(05/02/2012). Although appellant filed a motion to request an extension to file the 1925(b) statement, this request was not directed to the court's attention prior to the expiration of the timely filing date. Motion to amend (05/02/2012). Appellant's motion to amend does not toll the twenty-one (21) day filing period. Since appellant has failed to file a 1925(b) statement within the twenty-one (21) day period mandated by Pa. R.A.P. 1925(b), appellant's claims are deemed waived. See *Commonwealth v. Castillo*, 585 Pa. 395, 402, 888 A.2d 775, 780 (2005); *Commonwealth v. J. Schofield*, 585 Pa. 389, 393, 888 A.2d 771, 774 (2005).

b. Appellant has also waived all issues on appeal not properly raised in accordance with Pa.R.A.P. 1925(b).

It is well settled that when the trial court orders an appellant to submit a 1925(b) statement, it is a crucial component of the appellate process. *Commonwealth*

*v. Lord*, 553 Pa. 415, 417, 719 A.2d 306, 307 (1998). Pursuant to the Pennsylvania rules of civil procedure, a 1925(b) statement must be concise and set forth only those rulings or errors that appellant intends to challenge. Pa.R.A.P. 1925(b)(4)(i). This rule guards against lengthy and incoherent statements that impede appellate review. *Dorazio v. Equip. Corp. of Am.*, 2009 Phila Ct. Com. Pl. LEXIS 80 (Phila. Com. P. LEXIS June 4, 2009)(appeal dismissed without opinion by *Dorazio v. Equip. Corp.*, 996 A.2d 19 (Pa. Super. 2010). Issues not raised in accordance with the provisions of Pa.R.A.P. 1925(b) are waived. Pa.R.A.P. 1925(b)(4)(vii). Although the number of issues, standing alone, is not grounds for finding such waiver, the issues raised in the 1925(b) statement must be "non-redundant" and "non-frivolous." Pa.R.A.P. 1925(b) (4)(iv). Furthermore, even if by chance the trial court correctly guesses the issues appellant raises on appeal and writes an opinion pursuant to that supposition, the issues are still waived. *Commonwealth v. Heggins*, 809 A.2d 908, 911 (Pa. Super. 2002).

Here, appellant has submitted thirteen (13) errors allegedly committed by the court. The alleged errors are redundant, frivolous and nonspecific. The court will not attempt to decipher appellant's 1925(b) statement to glean which issues are non-redundant, and/or non-frivolous. *Heggins*, 809 A.2d at 911-12 (Pa. Super. 2002).

It appears that appellant seeks to collaterally attack the foreclosure and subsequent sheriff's sale of the Warnock Street property, and the outcome of her numerous bankruptcy filings in the Bankruptcy Court of the United States Eastern District of Pennsylvania. Appellant has exhausted her legal remedies as they relate

to the state mortgage foreclosure, sheriff's sale and federal bankruptcy actions. *Chase Home Finance, LLC v. Frances Scarborough*, No. 3402 EDA 2009, slip op. at 2-3, 10 (Pa. Super. Dec. 14, 2010); *In re Frances Scarborough*, No. 11-2293, 2012 U.S. App. LEXIS 526, at *12-17,21-22 (3d Cir. Jan. 10, 2012)(not precedential). Simply stated, Chase Home Finance foreclosed on the Warnock Street property; appellant filed a series of bankruptcy actions; appellee purchased the Warnock Street property at a sheriff's sale in 2008 while the automatic bankruptcy stay was lifted; and appellee subsequently filed an action in ejectment against appellant.

Appellant's inability to comply with Pa. R.A.P. 1925(b) has precluded this court from providing a meaningful review of her claims and therefore her claims are waived. The court notes that appellant appeared pro se on the motion for summary judgment. Answer (motion/petition) filed (01/31/2012). Appellant is held to the same standard as practicing attorneys. *First Union Mortgage Corp., v. Frempong*, 744 A.2d 327, 333 (Pa. Super. 1999). Appellant's failure to comply with the court's order and the Pennsylvania rules of appellate procedure renders appellant's claims on appeal waived.

c. Appellee demonstrated that there are no genuine issues of any material fact as to any necessary element of the underlying ejectment action and that there are no defenses which could be established at trial.

Although deemed waived, the trial court will attempt to address issues thought to be raised by appellant. To the extent that appellant claims that the court erred in granting summary judgment in favor of appellee, appellee

demonstrated that there are no genuine issues of material fact as to any necessary element of appellee's action in ejectment. Appellee also demonstrated that there aren't any viable defenses to appellee's ejectment action. Under the Pennsylvania rules of civil procedure, a plaintiff may file an action in ejectment to obtain possession of real property. Pa.R.C.P. 1051. To obtain relief in an action in ejectment, a party other than the plaintiff must be in possession of the subject property at the time of filing the ejectment action. *Brennan v. Shore Bros, Inc.,* 380 Pa. 283, 285-286, 110 A.2d 401, 402-403 (1955). In addition, the plaintiff must have a present right to possess the subject property at the time of filing the ejectment action. *Id.* A party may obtain the right to possess a property via sheriff's sale. When a party asserts a possessory interest in real property based a successful bid and purchase at a sheriff's sale, the right to immediate possession accrues when the sheriff's deed is acknowledged and recorded. *Wells Fargo Bank, N.A. v. Long,* 934 A.2d 76, 77-80 (Pa. Super. 2007).

Appellee demonstrated that there are no genuine issues of material fact in the underlying ejectment action. Under the Pennsylvania rules of civil procedure, a party may move for summary judgment where there is "no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report." Pa.R.C.P. 1035.2. The moving party bears the burden of demonstrating that no genuine issue of material fact exists. *Wells Fargo,* 934 A.2d at 77 (Pa. Super. 2007). The court shall grant summary judgment when the facts are so clear that reasonable minds cannot differ as to whether the moving party is entitled to judgment as a matter of law. *Mt. Village*

*v. Bd. of Supervisors of Longswamp Twp.*, 582 Pa. 605, 613-614, 874 A.2d 1, 5-6 (2005). In addition, the court must view the record in the light most favorable to the non-moving party. *Id.*

Here, appellee became the owner of the Warnock Street property as a result of a sheriff's sale on July 1, 2008. The sheriff's deed was recorded, and therefore acknowledged, on February 10, 2009. Motion for summary J. (12/27/2011). Appellee obtained the immediate right to possession once the sheriff's deed was acknowledged and recorded. *Wells Fargo*, 934 A.2d at 77-80 (Pa. Super. 2007). Appellee filed a complaint in ejectment against appellant on April 25, 2011. On March 14, 2011, appellee sent a letter to appellant stating that "[appellant] is now in possession of the [Warnock Street] premises without authority or permission...you must vacate immediately." *Id.* Appellee was out of possession of the Warnock Street property when the ejectment action was filed. *Brennan*, 380 Pa. at 285, 110 A.2d at 403. Appellant attempts to defend against the ejectment action by arguing, presumably, that the July 1, 2008 sheriff's sale was improper due to the imposition of an automatic bankruptcy stay. There was no automatic stay in effect during the July 1, 2008 sheriff's sale. *Chase Home Finance*, slip op. at 2-3, 10; *In re Frances Scarborough*, 2012 U.S. App. LEXIS 526, at *5-10, 12-16. There are no genuine issues of material fact or any viable defenses to appellee's action in ejectment against appellant.

## IV. Conclusion

Issues raised in appellant's 1925(b) statement are waived. Appellant failed to timely file her 1925(b) statement and failed to submit a 1925(b) statement that

meets the requirements of the Pennsylvania Rules of Civil Procedure. Furthermore, appellee met the burden of demonstrating that there are no genuine issues of material fact related to the underlying ejection action filed against appellant. The court's ruling must stand.