GRAY, J.,
OPINION and VERDICT
And now, this 23rd day of April, 2015, after a non-jury trial held on April 17, 2015, the court enters verdict in favor of plaintiffs and against defendant Brian Richardson.
Findings of Fact
1. A tract of land in Mifflin Township, Lycoming County, identified as Tax Parcel No. 31-346-127Z is deeded to the Estate of Ellery B. Horn and the Estate of Richard D. Horn by deed dated August 23,2011, recorded at Record Book 8100, Page 135. See Exhibit P-l.
2. Plaintiffs are the Estate of Ellery B. Horn and a beneficiary of the Estate of Ellery B. Horn.
*430 3. Although Richard C. Horn died on August 9, 2004, the Estate of Richard D. Horn has not been opened, and does not have an executor or personal representative.
4. Plaintiffs are not in possession of the tract of land at issue.
5. Brian Richardson has lived on the tract of land since about 2008.
6. Mr. Richardson does not pay any funds to live there.
7. Mr. Richardson’s testimony was not credible.
8. Mr. Richardson did not provide any credible evidence that Mr. Richardson had permission from any owner of the tract for Mr. Richardson to live there.
9. Mr. Richardson did not produce or introduce into evidence any documents that purport to provide him with any interest in the tract of land.
10. Although Mr. Richardson did not produce or introduce any document at trial, he referenced a document, that he attached to his answer, that he believes purports to give him a lifetime lease agreement to the tract at issue.
11. Since that document was not introduced as evidence, the court finds that it cannot consider that document. Even if the document could be considered, the court finds it has an illegible signature above Mr. Richardson’s signature which is remarkably similar to Mr. Richardson’s and that it appears to be fraudulent.
12. The court finds that plaintiff’s exhibit labeled P-2 is the last will and testament of Mary E. Horn exactly as it appears in microfilm in the Register and Recorder office *431 of Lycoming County.[1]
13. Mr. Richardson’s testimony that he has a lifetime lease to the property without cost to him is not credible.
14. The court finds that Mr. Richardson did not have permission from Jonathan C. Horn, or any beneficiary of Richard C. Horn, to reside on the tract.
Conclusions of Law
1. Plaintiffs are out of possession of the tract of land at issue.
2. Defendant is in possession of the tract of land at issue.
3. Plaintiffs have a right to immediate possession of the tract of land at issue.
4. The last will and testament of Mary E. Horn devised her real estate, including the tract at issue, to her sons Ellery B. Horn and the estate of Richard D. Horn.
Discussion
“Ejectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, against a defendant who has actual possession.” Wells Fargo Bank, N.A. v. Long, 2007 PA Super 254, 934 A.2d 76, 78 (Pa. Super. 2007), citing Soffer v. Beech, 487 Pa. 255, 266 (1979). “The purpose of an ejectment action as opposed to quiet title is not to determine the relative and respective rights of all potential title holders, but rather the immediate rights between plaintiff and defendant involved in that *432 particular litigation.” Siskos v. Britz, 567 Pa. 689, 699,790 A.2d 1000, 1006 (2002). “[T]he right to possession is the central element of the action — not the claim of ouster.” Wells Fargo Bank, supra, citing, Dice v. Reese, 342 Pa. 379, 384-86, 21 A.2d 89, 92-93 (1941); Irwin v. Hoffman, 319 Pa. 8, 16-17, 179 A. 41, 45 (1935).
In the present case, it is undisputed that plaintiffs are not in possession and Mr. Richardson is in possession of the tract of land where Mr. Richardson has been living since about 2008. Plaintiffs have met their burden of establishing that — as cotenants of the tract — they are entitled to immediate possession. See, e.g. In re Estate of Quick, 588 Pa. 485 (Pa. 2006)(“A tenancy in common is an estate in which there is unity of possession but separate and distinct titles”)(emphasis added), citing, In re Sale of Property of Dalessio, 657 A.2d 1386, 1387 n.l (Pa. Cmwlth. 1995). Plaintiffs have also met the burden of establishing that Mr. Richardson has no right to possession of the property. Plaintiffs did not give permission to Mr. Richardson to possess the property, nor did plaintiffs consent to his possession as a cotenant.
In making this conclusion, the court rejects the contentions made by Mr. Richardson. First, Mr. Richardson contended that his grandmother, Mrs. Horn, provided in her true last will and testament that anyone who cared for his grandmother in her last days had a lifetime lease for the property. The court found that no such provision exists in Mrs. Horn’s will. There is a provision in the will that provides that the residuary estate be “divided equally among those of my children who care for me during my last days.” However, the residuary estate did not include the specific bequest of the real estate, which included the tract at issue. The real estate was bequeathed to her sons, *433 Ellery B. Horn and Richard C. Horn.
The court also rejected Mr. Richardson’s second contention, which was that Jonathan Horn, son of Richard C. Horn, gave Mr. Richardson a lifetime lease for the property. The court found and concluded that Mr. Richardson did not have permission to possess the tract at issue. Johnathan Horn was not present at the proceedings and was not called to testify on Mr. Richardson’s behalf. The adverse inference is that Jonathon Horn’s testimony would not have supported Mr. Richardson’s contention and instead would have suggested that Jonathan Horn did not grant Mr. Richardson permission. There is no evidence that Jonathan Horn had authority to grant Mr. Richardson permission to reside at the property, even if he had done so. There was no evidence that Mr. Richardson paid any funds or provided any consideration for such a purported agreement. There was no evidence that Mr. Richardson reasonably and justifiably relied upon such a purported promise.
For the foregoing reasons, the court concludes that Mr. Richardson has no right to possess the property or to continue to reside there. Accordingly, the court enters the following order and verdict.
ORDER AND VERDICT
And now, this 23rd day of April, 2015, after a non-jury trial, it is ordered and directed as follows.
1. Verdict is entered in favor of plaintiffs and against defendant Brian Richardson.
2. Defendant Brian Richardson shall vacate the premises at 2378 State Route 287, Jersey Shore, Pennsylvania within the next thirty 30 days, i.e., on or before May *434 23,2015.
3. If defendant Brian Richardson does not vacate the property on or before May 20, 2015, the Sheriff is authorized to use such force as may be necessary to enter upon the property by the breaking in of any door or otherwise, and to eject Brian Richardson from the property.
4. Costs of this action are awarded to plaintiffs from the defendant.
5. This order and decree shall be enforced as needed by the Lycoming County Sheriff’s Department.

. As Mr. Richardson contended that the P-2 was fraudulent, the court reviewed the microfilm of the official document in the register and recorder’s office.