J-S35043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEROY E. GLICK AND SAVILLE S. GLICK | : | No. 1574 MDA 2017 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered September 27, 2017
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  15-CV-07670

BEFORE:  BENDER, P.J.E., PANELLA, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                          **FILED JUNE 27, 2018**

Leroy and Saville Glick, husband and wife (Appellants), appeal *pro se* from the order granting summary judgment in ejectment in favor of Federal National Mortgage Association (Fannie Mae).  We affirm.

The facts underlying this appeal are as follows:  Nationstar Mortgage, LLC (Nationstar), predecessor in interest to Fannie Mae, commenced a foreclosure proceeding against Appellants, its mortgagors, after Appellants defaulted on a residential mortgage (the Property).  The trial court granted summary judgment in mortgage foreclosure in favor of Nationstar, and Appellants filed a notice of appeal.  This Court dismissed Appellants' appeal and our Supreme Court denied Appellants' petition for allowance of appeal. ***Nationstar Mortgage, LLC v. Glick***, 1530 MDA 2013 (Pa. Super. June 27,

2014) (unpublished memorandum) (dismissing appeal for Appellants' failure to comply with Pa.R.A.P. 1925(b)), *appeal denied*, 104 A.3d. 5 (Pa. 2014).

On July 29, 2015, Nationstar purchased the Property at sheriff's sale, and then assigned its interest to Fannie Mae. The sheriff's deed was recorded on August 19, 2015. Because Appellants did not vacate the Property, Fannie Mae filed a complaint in ejectment on September 4, 2015. On August 3, 2017, following the close of pleadings, Fannie Mae filed a motion for summary judgment in ejectment, which the trial court granted on September 27, 2017.

Appellants filed a timely *pro se* notice of appeal. On October 18, 2017, the trial court entered a Pa.R.A.P. 1925 order directing Appellants to file a concise statement of errors complained of on appeal. Appellants filed a *pro se* Rule 1925(b) statement and the trial court issued its opinion on November 28, 2017.

Appellants present seven issues for our review which we reproduce verbatim:

**POINT I.**

WHETHER ANY ASSIGNMENT OF MORTGAGE IN INSOLATION IS NULL AND VOID OF LAW, AB INITIO, THE FRAUD IN FACTUM, IN WHICH THE SHERIFF'S DEED WAS ISSUED?

**POINT II.**

WHETHER THE LANCASTER COUNTY COURT OF COMMON PLEAS IS A KANGAROO COURT, OR A SHAM COURT OR A MOCK COURT AND AN INCOMPETENT COURT/TRIBUNAL SITTING WITHIN OR UNDER A MILITARY JURISDICTION, AS EVIDENCED BY THE LAW OF THE FLAG DOCTRINE?

**POINT III.**

WHETHER THE LANCASTER COUNTY COURT OF COMMON PLEAS IS A CORAM NON JUDICE?

**POINT IV.**

WHETHER THE SUMMARY JUDGMENT IS A "BRUTUM FULMEN" JUDGMENT AND/OR A VOID JUDGMENT OR A JUDGMENT BASED AND PREMISED UPON A FRAUD?

**POINT V.**

WHETHER A COMPLAINT BASED SOLELY UPON INADMISSIBLE HEARSAY EVIDENCE/DOCUMENTARY EVIDENCE AND FRAUD IN FACTUM, AB INITIO; SPECIFICALLY, THE TWO (2) ASSIGNMENTS OF MORTGAGE IN ISOLATION, IN WHICH, BOTH ARE RELEVANT, MATERIAL, AND ADMISSIBLE EVIDENCE IN WHICH ARE DEEMED NULL AND VOID, AB INITIO, AS SUBSTANTIAL EVIDENCE TO OBTAIN A FAVORABLE SUMMARY JUDGMENT IF FAVOR OF THE COMPLAINANT, AFTER THE ALLEGATIONS WERE DENIED?

**POINT VI.**

WHETHER THE FACTS AND THE LAW OF THIS CASE WITHOUT ANY SUBSTANTIAL EVIDENCE IN SUPPORT THEREOF, AND BASED SOLELY ON THE PLEADINGS WITHOUT MORE, CAN PROVIDE SUFFICIENT GROUNDS TO OBTAIN A BONA FIDE AND VALID SUMMARY JUDGMENT?

**POINT VII.**

WHETHER THE LANCASTER COUNTY COURT OF COMMON PLEAS ACTED IN A MANNER CONSISTENT WITH CIVILIAN DUE PROCESS OF LAW, BASED UPON SUFFICIENT EVIDENCE TO SUPPORT AN UNSUBSTANTIATED CLAIM IN A WRONGFUL EJECTMENT CASE PREMISED UPOM A FRAUD IN FACTUM, AB INITIO, IN REGARDS TO THE UNDERLYING RESIDENTIAL MORTGAGE FORECLOSURE CASE IN WHICH SUMMARY JUDGMENT WAS GRANTED TO NATIONSTAR MORTGAGE, LLC?

Appellants' Brief at viii-x.

Our standard of review of a challenge to the grant of summary judgment

is well-settled:

[We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*E.R. Linde Const. Corp. v. Goodwin*, 68 A.3d 346, 349 (Pa. Super. 2013) (internal citations omitted).

The trial court's order granting summary judgment arises from Fannie Mae's complaint in ejectment. Ejectment is a possessory action between "a plaintiff who does not possess the land but has the right to possess it [and] a defendant who has actual possession." *Wells Fargo Bank, N.A. v. Long*, 934 A.2d 76, 78-79 (Pa. Super. 2007) (internal citation omitted). In order to prevail on an ejectment action, a plaintiff must demonstrate (1) he is out of possession of the property, and (2) he has a present legal right to immediately possess the property when the action is commenced. *Id.* at 79; *Siskos v. Britz*, 790 A.2d 1000, 1006-07 (Pa. 2002). Further:

[We] note that an attack on a sheriff's sale usually cannot be made in a collateral proceeding. An ejectment action is a proceeding collateral to that under which the land was sold. . . . [I]n an ejectment action it may be alleged that the judgment is void. A

- 4 -

void decree can be attacked at any time. Where a judgment is void, the sheriff's sale which follows is a nullity. A judgment which is void cannot support an ejectment action and may be asserted as a defense in the ejectment proceeding.

*Dime Sav. Bank, FSB v. Greene*, 813 A.2d 893, 895 (Pa. Super. 2002) (internal citations omitted).

Instantly, Appellants' argument consists of rambling, broad assertions, many of which are nonsensical, and citations to irrelevant legal authorities.[1] In sum, Appellants fail to present a cogent legal argument on appeal. Accordingly, we find waiver. *See* Pa.R.A.P. 2101, 2111, 2119. *See also* *Lackner v. Glosser*, 892 A.2d 21, 29-30 (Pa. Super. 2006) (appellate arguments which are not appropriately developed, or fail to adhere to the Rules of Appellate Procedure, are waived); *Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa. Super 1996) (*pro se* status does not relieve an appellant of his duty to properly raise and develop appealable claims, and this Court will not act as appellant's counsel).

We additionally recognize, however, that even in the absence of waiver, the record reveals no error by the trial court. *See* Trial Court Opinion,

---

[1] For example, in arguing that the Lancaster Court of Common Pleas is a "kangaroo court" without jurisdiction, Appellants rely upon maritime law:

A shipowner who sends his vessel into a foreign port gives notice by his flag to all who enter into contracts with the master that he intends the law of that flag to regulate such contracts, and that they must either submit to its operation or not contract with him. [*Rushtrat v. People*], 185 Ill. 133, 57 N.E. 41, 49 L.R.A. 181.

Appellants' Brief at 5 (some citations omitted).

11/28/17, at 3 (parsing Appellants' claims into two cognizable issues: (1) whether there was sufficient evidence to support summary judgment, and (2) whether there are genuine issues of material fact). The trial court explained:

> The record in the present case establishes that [Fannie Mae] has the right to immediate possession of the subject premises by virtue of the sheriff's deed recorded on August 19, 2015. The record also establishes that [Appellants] have remained in possession of the property. [Appellants] have offered no evidence and have cited to none in the record to suggest that they have title to the property superior to that of [Fannie Mae]. There are no genuine issues of material fact which would preclude entry of summary judgment in [Fannie Mae's] favor.

*Id.* at 4.

Our review of the certified record supports the trial court's entry of summary judgment in favor of Fannie Mae. The record supports Fannie Mae's claim for ejectment, and Appellants do not dispute that they maintained possession of the Property when the complaint was filed or that the sheriff's deed was granted in Fannie Mae's favor. *See Siskos*, 790 A.2d at 1006. Instead, Appellants generally allege fraud in their challenge the validity of the underlying sheriff's sale. *See*, *e.g.*, Appellants' Brief at 5 ("The bogus, fabricated and fraudulent Assignment of Mortgage . . . is null and void of law."). Again, Appellants offer no meaningful discussion or pertinent authorities to support their claim of trial court error. *Commonwealth v. Gibbs*, 981 A.2d 274, 284 (Pa. Super. 2009) (It is an appellant's obligation to sufficiently develop arguments in his brief by applying the relevant law to the facts of the case, persuade this Court that there were errors below, and convince us relief is due because of those errors.).

Accordingly, we affirm the trial court's order granting summary judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2018