J-A20037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| D&R ASSET MANAGEMENT, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIK KINARD | : | |
| | : | |
| Appellant | : | No. 1446 MDA 2022 |

Appeal from the Judgment entered April 5, 2022
In the Court of Common Pleas of Lebanon County Civil Division at No(s):
2021-01214

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:      **FILED: NOVEMBER 28, 2023**

Erik Kinard appeals ***pro se*** from the April 5, 2022 judgment on the verdict, entered in favor of Appellee, D&R Asset Management, LLC (hereinafter, "D&L"), in this ejectment action.[1]  After careful review, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant purports to appeal from the September 6, 2022 "order of judgment," which is the date of the issuance of the writ of possession in this matter.  In a civil case, an appeal "can only lie from judgments entered subsequent to the trial court's disposition of any post-verdict motions. ***Johnston the Florist, Inc. v. TEDCO Const. Corp.***, 657 A.2d 511, 514 (Pa.Super. 1995) (***en banc***).  However, when a notice of appeal is filed prior to the entry of a final judgment, as is the case here, appellate jurisdiction may be perfected by the entry of judgment on the docket.  ***See*** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof.").  The April 5, 2022 judgment on the verdict was made final by Appellant's December 9, 2022 praecipe for entry of judgment, as directed by this Court.

The trial court summarized the relevant facts and procedural history of this case as follows:

> On October 4, 2021, [D&R] brought this action seeking to have [Appellant] ejected from the premises located at 4 South Millbach Road in Newmanstown ("the property"). After pleadings were closed, [the trial court] scheduled a bench trial for March 7, 2022. [Appellant] failed to appear for the bench trial. At that time, the court was informed that [Appellant] had contacted [D&R's] counsel on the morning of the trial and indicated that he had tested positive for COVID. As a result, [the trial court] issued the following Order:
>
>> AND NOW, to wit, March 7, 2022, it appearing to the Court [Appellant] in this case who is an unrepresented litigant contacted Counsel for [D&R] earlier this morning to indicted that he tested positive for COVID, the trial in this matter is continued, to be relisted upon motion of Counsel. Within 14 days of today's date, [Appellant] shall provide written proof to Court Administration that he did indeed test positive for COVID. If such proof is not provided, [D&R] may pursue any attorney's fees incurred as a result of this continuance.
>
> [Trial court order, 3/8/22.]
>
> Upon [D&R's] motion the trial was rescheduled for April 5, 2022. On April 4, 2022, Court Administration contacted [Appellant] to advise him that if he did not appear for the rescheduled bench trial, the court would require written medical confirmation that he was still suffering from COVID. [Appellant] was further advised that if he did not provide that information, the trial would proceed without him. On the afternoon of April 4, 2022, [Appellant] emailed the court a copy of a medical document from Wellspan Health indicating that he had visited a Wellspan facility on that date. The document indicated that [Appellant]

could return to work on April 7th or earlier as symptoms resolved and he tested negative for COVID. After waiting for one-half hour beyond the time scheduled for trial to began, we proceeded without [Appellant]. After the conclusion of [D&R's] presentation of evidence, [the trial court] issued the following Order:

AND NOW, to wit, this 5th day of April, 2022, after a bench trial in this ejectment action, in the absence of [Appellant] despite due notice, judgement for possession is rendered in favor of [D&R] and against [Appellant]. Accordingly, [D&R] may take possession of the residence located at 4 South Millbach Road, Newmanstown, Lebanon County, Pennsylvania.

[Trial court order, 4/6/22.]

Trial court opinion, 5/31/22 at 1-3 (extraneous capitalization omitted; citation formatting amended).

On April 14, 2022 Appellant filed a **pro se** notice of appeal from the trial court's April 6, 2022 order. On April 18, 2022, the trial court ordered Appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed his timely Rule 1925(b) statement on May 9, 2022. On May 31, 2022, the trial court issued an order and opinion pursuant to Rule 1925(a) addressing the substance of Appellant's claims and directing the record be transmitted to this Court. On July 8, 2022, a panel of this Court quashed Appellant's appeal because the judgment had been entered prematurely, and granted Appellant 10 days to file post-trial motions. **See Per Curiam** order, 7/8/22. Appellant filed a timely, **pro se** "Motion for Post

Trial Relief in the Form of a **De Novo** Trial" on July 18, 2022. On August 2, 2022, the trial court entered an order denying Appellant's post-trial motion.

Thereafter, on September 6, 2022, D&R filed a praecipe for writ of possession. A writ of possession was entered that same day. On October 6, 2022, Appellant filed the instant **pro se** notice of appeal purporting to appeal from the "order of judgment" entered on September 6, 2022. As indicated, September 6, 2022 is the date of the issuance of the writ of possession, and a writ of possession is not a final and appealable judgment. **See In re Bridgeport Fire Litigation**, 51 A.3d 224, 229 (Pa.Super. 2012) (reiterating the general rule that "only final orders are appealable, and final orders are defined as orders disposing of all claims and all parties" (citation omitted)).

On December 2, 2022, this Court issued a Rule to Show Cause order directing Appellant to praecipe the Lebanon County Prothonotary to enter judgment. Appellant responded on December 9, 2022, attaching a time-stamped praecipe for entry of judgment. However, it appears that the Lebanon Country Prothonotary failed to properly enter judgment on the docket. Accordingly, on January 30, 2023, the Rule to Show Cause was discharged and this Court regarded "as having been done that which should have been done...." **Marsh v. Hanley**, 856 A.2d 138, 139 n.1 (Pa.Super. 2004). Appellant's notice of appeal, which was "filed after the announcement

of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." ***See*** Pa.R.A.P. 905(a)(5).[2]

Appellant raises the following issues for our review:

> 1: Did the trial court abuse its discretion when it denied Appellant's continuance request, when the reason for the request was valid and medical?
>
> 2: Did the trial court judge commit an error of law when he found that there were no disputed issues of fact and that [D&R] should not be estopped from claiming that no landlord/tenant relationship existed/exists between [D&R] and [Appellant]?
>
> 3: Did the trial court commit[] an error of law when [it] proceeded with a case in ejectment, instead of dismissing it and ignoring the evidence that there was/is a landlord-tenant relationship between [D&R] and Appellant, and thus an eviction case and not a case in ejectment?
>
> Did the trial court ma[ke] an error of law when the motion for ***de novo*** trial for post[-]trial relief was denied?
>
> 4: Did the trial court/Lebanon County Prothonotary erroneously and prematurely issue a writ of possession for [D&R] without a final judgment

_____

[2] The record reflects that Appellant filed a third notice of appeal from the trial court's order entered October 12, 2022, which opined that the instant appeal should be quashed as untimely. ***See*** trial court order, 10/12/22 at 2-3. This appeal was ultimately dismissed as duplicative. Furthermore, on August 24, 2023, this Court denied Appellant's ***pro se*** "Application for Emergency Relief," noting that he has failed to satisfy the six essential prerequisites a party must establish before obtaining injunctive relief. ***See SEIU Healthcare Pennsylvania v. Commonwealth***, 104 A.3d 495, 501-502 (Pa. 2014); ***Per Curiam*** order, 8/24/23.

and/or praecipe for final Judgment, thus committing an error of law?

5: [Did D&R] commit[] an error of law and testimony when he gave his testimony[?]

[Did] the trial judge commit[] an error of law when [it] found that there were no disputed issues of fact[?]

Appellant's brief at 7-8. For the ease of our discussion, we elect to address Appellant's claims in a slightly different order than presented in his appellate brief.

Appellant first argues that the trial court abused its discretion in denying his motion for a continuance. Appellant's brief at 13.

Generally, our standard of review from the denial of a continuance request is as follows:

> The grant or denial of a motion for continuance is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court abused its discretion. An abuse of discretion is not merely an error of judgment. Rather ... a trial court abuses its discretion only when it overrides or misapplies the law, or exercises judgment that is manifestly unreasonable or the result of partiality, prejudice, bias or ill-will.

*A.L.B. v. M.D.L.*, 239 A.3d 142, 148 (Pa.Super. 2020) (citations omitted).

Upon review, we discern no abuse of discretion on the part of the trial court in denying Appellant's request for a continuance and proceeding with his rescheduled bench trial. The record reflects that a bench trial was initially scheduled for March 7, 2022 but was rescheduled after Appellant failed to

appear. Prior to his rescheduled bench trial on April 5, 2022, the trial court informed Appellant that if he did not appear, he would be required to provide written, medical documentation that he was still suffering from COVID. Appellant was further advised that, if he did not provide this information, the bench trial would proceed without him. Despite said notice, Appellant failed to fully comply with the trial court's directive. On the contrary, Appellant emailed the trial court on the afternoon of April 4, 2022 a copy of a medical document from Wellspan Health indicating that Appellant could return to work on April 7th or earlier if his symptoms resolved and he tested negative for COVID. Based on the foregoing, we find the trial court properly proceeded with trial.

Appellant's next claim – that the trial court erred by "prematurely issu[ing] a writ of possession for [D&R] without a final judgment and/or praecipe for final judgment" – is likewise devoid of merit. Appellant's brief at 20. Here, the April 5, 2022 judgment on the verdict was made final by Appellant's December 9, 2022 praecipe for entry of judgment, a fact of which Appellant is fully aware. **See** "Order Discharging Rule to Show Cause," 1/30/23. As noted, although the Lebanon Country Prothonotary failed to properly enter judgment on the docket, this Court regards "as having been done that which should have been done…." **Marsh**, 856 A.2d at 139 n.1. Accordingly, Appellant's claim fails.

The crux of Appellant's final claims is that the trial court erred in construing this matter as an ejectment action, when there was evidence that a landlord/tenant relationship existed between the parties. Appellant's brief at 17-20. Appellant also avers that the trial court erred in concluding that there were no disputed issues of fact. *Id.* at 23. For the following reasons, we disagree.

Our standard of review in an ejectment action is "limited to a determination of whether the [trial court] committed an error of law or an abuse of discretion" and the decision of the court in an ejectment case "will not be disturbed unless it is unsupported by the evidence or demonstrably capricious." *Roberts v. Estate of Pursley*, 718 A.2d 837, 840 (Pa.Super. 1998), *appeal denied*, 740 A.2d 234 (Pa. 1999).

In *Wells Fargo Bank, N.A. v. Long*, 934 A.2d 76 (Pa.Super. 2007), a panel of this Court noted that "ejectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, against a defendant who has actual possession," and that the purpose of such an action is to determine "the immediate rights between plaintiff and defendant involved in that particular litigation." *Id.* at 78 (citation omitted). We continued that "ejectment is a possessory action only, and can succeed only if the plaintiff is out of possession, and if he has a present right to immediate possession." *Id.* at 79 (citation omitted).

Instantly, our review of the record establishes that at the time D&R purchased the property on April 23, 2021, Appellant was residing on the premises and refused to vacate, despite an April 27, 2021 Notice to Quit and a Landlord Tenant proceeding before Magisterial District Judge Anthony J. Verna ("MDJ Verna"). Notes of testimony, 4/5/22 at 6-7. The record reflects that D&R presented **prima facie** evidence that it has a deed to the property at issue as well as an immediate right to possession, and the burden shifted to Appellant to disprove that right. Appellant has utterly failed to support his position with competent evidence. Notably, the purported lease agreement between Appellant and D&R's predecessor in interest that is appended to Appellant's pleadings is unsigned by either party and has long since expired, in June 2022. **See** "Answer and New Matter to [D&R's] Complaint," 12/3/21 at Exhibit D-C.

We further find that the doctrine of judicial estoppel is dispositive of this case. The purpose of judicial estoppel is "to uphold the integrity of the courts by preventing parties from abusing the judicial process by changing positions as the moment requires." **Trowbridge v. Scranton Artificial Limb Company**, 747 A.2d 862, 865 (Pa. 2000) (citation and internal quotation marks omitted).

At the August 31, 2021 hearing before MDJ Verna, Appellant denied the existence of a landlord/tenant relationship and argued that the Magisterial District Court therefore lacked jurisdiction to address the matter. As a result,

- 9 -

MDJ Verna dismissed the matter without prejudice and D&R subsequently brought this ejectment action. D&R, in turn, testified at the April 5, 2022 hearing that since its purchase of the property, it had never received any rental payments from Appellant and he had never offered to pay rent. Notes of testimony, 4/5/22 at 9-10. Thus, Appellant cannot now be heard to assert, in an attempt to remain at the property, that he is tenant under a lease agreement.

To allow Appellant to maintain these irreconcilable positions cannot be supported, and, indeed, undermines the judicial system. The trial court's May 31, 2022 properly invoked judicial estoppel to block the assertion of these inconsistent legal claims. **See** trial court opinion, 5/31/22 at 7-8. "As a general rule, a party to an action is estopped from assuming a position inconsistent with his or her assertion in a previous action, if his or her contention was successfully maintained." ***Yoder v. McCarthy Construction, Inc.***, 291 A.3d 1, 15 (Pa.Super. 2023) (citation omitted).

Accordingly, for all the foregoing reasons, we affirm the April 5, 2022 judgment on the verdict entered in favor of D&R in this ejectment action.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/28/2023